Citation Nr: 1550159 
Decision Date: 11/03/15 Archive Date: 12/04/15

DOCKET NO. 06-03 851 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to waiver of the recovery of indebtedness in the amount of $2000. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Dan Brook, Counsel




INTRODUCTION

The Veteran served on active duty from April 1973 to November 1973. The appellant is his ex-spouse. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of a March 2005 denial of the appellant's request for a waiver of indebtedness by the Committee on Waivers and Compromises at the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. 

In September 2008, the appellant failed to appear, without explanation, for a Board hearing. She has not requested that the hearing be rescheduled. Therefore, her request for a hearing is considered withdrawn. See 38 C.F.R. § 20.702 (e).

In March 2010, the case was remanded for further development. The Board remand instructed the agency of original jurisdiction (AOJ) to obtain a financial status report from the appellant and to then readjudicate the claim and issue a supplemental statement of the case. Review of the claims file does not appear to show that these actions have been taken. However, the Board finds that a decision in this case can be rendered based on the existing evidence. The appellant is not prejudiced by the Board proceeding to decide her case as her claim for waiver of overpayment is being granted. 


FINDING OF FACT

Although it appears that the appellant was unjustly enriched through receipt of dependent benefits for herself after she and the Veteran were divorced, repayment of the debt she incurred would cause undue hardship. 


CONCLUSION OF LAW

The criteria for waiver of recovery of an overpayment of VA benefits in the amount of $2000 have been met. 38 U.S.C.A. § 5302 (West 2014); 38 C.F.R. §§ 1.911, 1.962, 1.963, 1.965 (2015).


 REASONS AND BASES FOR FINDINGS AND CONCLUSION

In October 2002, while the appellant and the Veteran were still married, the appellant filed a claim for an apportionment of the Veteran's VA benefits on behalf of herself and the Veteran's dependent child (S.M.). In July 2003, the appellant's claim for an apportionment was granted and she was awarded $500 per month for herself and her minor child (S.M.) until he turned 18 years old, at which time, her apportionment would be reduced to $100 per month. 

In an undated letter from VA, sent sometime between October and December 2003, the appellant was notified that she needed to contact VA if she and the Veteran divorced because once her divorce was final, her apportionment would need to be adjusted as she would no longer be a dependent of the Veteran. 

In July 2004, the appellant and the Veteran were divorced. See July 2004 divorce decree. In July 2004, the Veteran, through his representative notified VA that he and the appellant had divorced. In August 2004, the appellant was notified that VA proposed to stop her apportionment of the Veteran's VA benefits, effective August 1, 2004 because they had received evidence showing that she and the Veteran were divorced in July 2004. In December 2004, the appellant was notified that her apportionment of the Veteran's VA benefits was terminated, effective August 1, 2004. In January 2005, the appellant was notified that she had been overpaid a total of $2,000.00 in VA benefits. 
In a February 2005, the appellant wrote that although she did not disagree with the $2,000.00 debt, she could not afford to pay the entire indebtedness. She requested that she instead be allowed to slowly repay the debt on a monthly basis. The appellant included a Financial Status Report with her statement. 

In her March 2005 notice of disagreement, the appellant claimed that an installment plan recommended by the Committee would cause her a financial hardship. See March 2005 notice of disagreement. 

The only Financial Status Report of record was submitted in February 2005, a little over five years ago. This report indicates that the appellant's monthly expenses exceeded her monthly income and that she was in a substantial amount of debt. 

The evidence reasonably indicates that the appellant's debt is valid, as she and the Veteran were divorced in July 2004 and she has also affirmatively acknowledged that she is in debt to VA. There is also no indication of any fraud, misrepresentation or bad faith on the part of the appellant. 38 C.F.R. § 1.963(a). Additionally, although waiver of the debt does involve unjust enrichment of the appellant, the Board finds that this factor is outweighed by the undue hardship that will result with collection of the debt. Id. In this regard, while the appellant did initially endorse a repayment plan, involving a small monthly payment, she subsequently reported that even this amount was a hardship for her. 38 C.F.R. § 1.965(a). This report is reasonably supported by her financial status report, which indicates that her expenses exceeded her monthly income by approximately $94 and that she already was approximately $66,000 in debt. Id. Accordingly, resolving any reasonable doubt in her favor, the Board finds that recovery of the debt is against equity and good conscience and that the appellant's overpayment is waived. 38 C.F.R. §§ 1.963(a), 1.965(a), 3.102; Alemany v. Brown, 9 Vet. App. 518 (1996). 


ORDER

Waiver of the recovery of indebtedness in the amount of $2000 is granted. 



____________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs